UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Barbara Jacobs, et al.,                          Case No. 3:16-cv-2950

         Plaintiffs

         v.                                            MEMORANDUM OPINION

U.S. Bank and Trust N.A., et al.,

         Defendants

## I. BACKGROUND

On May 23, 2013, U.S. Bank Trust N.A. initiated a foreclosure action against Ronald O. Jacobs and Barbara J. Jacobs in the Lucas County Court of Common Pleas. On November 12, 2014, the trial court granted U.S Bank Trust's motion for summary judgment against Ronald Jacobs and granted a default judgment against Barbara Jacobs. Ronald and Barbara Jacobs appealed those rulings. On November 6, 2015, the Sixth District Court of Appeals affirmed the judgment of the trial court. *U.S. Bank Trust, N.A. v. Jacobs*, No. L-14-1268, 2015 WL 6951464 (Ohio App. 2015).

On December 8, 2016, the Jacobs initiated this suit against U.S. Bank and Trust N.A.[1] and Residential Finance Corp. The relevant pleadings filed in this action are as follows:

- On January 18, 2017, U.S. Bank filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3), (4), (5), and (6). (Doc. No. 7).

---

[1] Although the caption refers to the Defendant as U.S. Bank and Trust, N.A., it its pleading, the Defendant is designated as U.S. Bank Trust, N.A., as Trustee for VOLT 2012-NPL1 Asset Holdings Trust. For purposes of this motion, I will refer to the Defendant as U.S. Bank.

- On January 24, 2017, Plaintiffs filed an Amended Complaint naming the same two Defendants. The only relevant change was to the designation of U.S. Bank, whose address was listed "c/o SANDHU Law Group LLC, 1213 Prospect Ave., Suite, 300, Cleveland, OH 44115[2]." (Doc. No. 8).

- On March 7, 2017, Plaintiffs filed a motion for a stay of execution seeking to enjoin and restrain "Grantee of U.S. Bank & Trust, Trifera LLC and those acting in concert or participation with them from proceeding to the removal and or eviction of Plaintiffs from their principal place of dwelling." (Doc. No. 15).

- On March 14, 2017, Defendant U.S. Bank moved to strike Plaintiffs' amended complaint. (Doc. No. 16).

- On March 14, 2017, Defendant U.S. Bank moved to strike Plaintiffs' motion to stay or in the alternative filed a brief in opposition to the motion for a stay. (Doc. No. 17).

- On March 21, 2017, Plaintiffs moved for leave to file a second amended complaint as they sought "to add the claim of Waiver of Plaintiffs Performance to the claims and dismiss without prejudice the second defendant RESIDENTIAL FINANCE CORP. pursuant to Fed. R. 41a(1)" and to perfect service on the Defendant U.S. Bank. (Doc. No. 19). Defendant U.S. Bank filed an opposition brief on April 4, 2017. (Doc. No. 21).

- On April 24, 2017, Plaintiffs filed their first amended complaint instanter as represented in their motion for leave. (Doc. No. 22). In this amended complaint they named U.S. Bank and Trust, N.A. as the sole defendant "c/o Richard K. Davis, 800 Nicollet Mall, Minneapolis, MN 55402." (Id.)

---

[2] Plaintiff's original complaint listed U.S. Bank's address as "120 E. 4th St. 12th Floor, Cincinnati, OH 45202." (Doc. No. 1).

- On June 1, 2017, Defendant U.S. Bank moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 27). Plaintiff filed a response on June 6, 2017. (Doc. No. 29). Defendant's reply was submitted on June 15, 2017. (Doc. No. 30).

With the issues having been briefed by the respective parties, I now turn to a discussion of the relevant issues.

## II. PRO SE LITIGANTS

Historically, *pro se* litigants are afforded extra consideration. *See Haines v. Kerner*, 404 U.S. 519 (1972). The pitfalls of self-representation were addressed by the Court in *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994):

> [T]he "right of self-representation is not a 'license not to comply with the relevant rules or procedure and substantive law.'" . . . . The Constitution does not require judges-or agencies, for that matter-to take up the slack when a party elects to represent himself.

(Citations omitted).

An unrepresented plaintiff voluntarily assumes the risks and accepts the hazards which accompany self-representation. *See McNeil v. United States*, 508 U.S. 106, 113 (1993), wherein the Supreme Court noted that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." Similarly, the Sixth Circuit requires pro se litigants to adhere to the rules of the court. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Brock v. Hendershott*, 840 F.2d 339, 342-43 (6th Cir. 1988).

## III. APPLICABLE LEGAL STANDARD

Fed. R. Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, I am cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (citing *Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008).

The exception to the notice pleading requirement is contained in Fed. R. Civ. P. 9(b) which states as follows:

> **(b)** **Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

This requires the plaintiff to allege the time, place, and content of the allegedly false representation. *See United States ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 444 (6th Cir. 2008).

Additionally, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

4

## IV. DISCUSSION

A. The Parties' Positions

The Defendant seeks dismissal of the claims based upon the *Rooker-Feldman* doctrine and *res judicata*. In addition, the Defendant contends each claim cannot succeed as a matter of law. The Plaintiffs argue *Rooker-Feldman* is inapplicable to their claims because they rely on the "fraud exception," to that doctrine and advance claims which are independent from the state court litigation. Plaintiffs also argue that preclusion cannot be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

B. Law and Analysis

The *Rooker-Feldman*[3] doctrine stands for the principle that lower federal courts have no jurisdiction to review state court judgments. As explained by the Sixth Circuit, "*Rooker-Feldman* is a combination of abstention and *res judicata* doctrines, under which the Supreme Court's appellate jurisdiction precludes lower federal courts from engaging in what amounts to appellate review of state court proceedings." *Brown v. First Nationwide Mortg. Corp.*, 206 Fed. Appx. 436, 439 (6th Cir. 2006) (citations omitted). The Sixth Circuit provided guidance on determining when this doctrine prevents a district court from asserting jurisdiction; namely, whether a claim challenges a state court judgment or is an independent claim:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

Plaintiffs state the following factual allegations prior to listing their six causes of action:

> On or about November 30, 2007 Plaintiffs executed a promissory note and security agreement in favor of RESIDENTIAL FINANCE CORP., which is the subject of Case no. CI-0201303000 in the Court of Common Pleas Lucas County,

---

[3] Derived from the cases of *Rooker v. Fidelity Trust*, 263 U.S. 413, 415 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1938).

5

> Ohio, presiding Judge: RUTH ANN FRANKS (a true and accurate copy of the note and security agreement is attached as Exhibit A, and is hereby incorporated by reference). Plaintiffs have contacted attorney's for US BANK AND TRUST, due to Breach of Fiduciary Duty, abuse of trust, Fraud, violations of several mortgage disclosure requirements under TILA, and several Title 15 USC mortgage violations when it comes to Promissory note and Mortgage/security agreement, which is subject of Case no. CI-0201303000. These violations render the above mentioned Note/Mortgage Null and Void. Defendants have caused damages due to their breach of fiduciary duty and abuse of Plaintiffs trust by not providing full disclosure of my right to rescission on my principal place of dwelling pursuant to Title 15 U.S.C. 1635 (a)-(i) (1-4). Defendant is also in violation of Ohio Consumer Law by committing Unfair, Unconscionable deceptive acts. These violations will be set forth in the following causes of action against defendants.

Plaintiff's First Amended Complaint at ¶ 5 (Doc. No. 22).

The Plaintiffs causes of action against U.S. Bank include:

- Breach of Fiduciary Duty;

- Counter-Claim in Recoupment Rescission TILA Regulation Z;

- Claim in Recoupment Ohio Revised 1303.35 (UCC-3-305), Fraud;

- Set Aside or Vacate Note and Mortgage;

- Unjust Enrichment; and

- Account Stated.

Application of the *Rooker-Feldman* doctrine has been limited by the Sixth Circuit "to instances in which the litigant only seeks to reserve or set aside the state court judgment." *Hall v. Mortgage Electronic Registrations Systems, Inc.*, Case No. 1:16CV2075, 2017 WL 1462240 (N.D. Ohio 2017) (citations omitted). To the extent Plaintiffs' complaint alleges claims which led up to the foreclosure action and seek to negate that judgment, this Court does not have jurisdiction to consider those claims under the *Rooker-Feldman* doctrine.

Plaintiffs also contend their claim for fraud is an exception to the *Rooker-Feldman* doctrine. It is true that the Sixth Circuit has recognized an exception for fraud in maintaining a collateral attack on a state court judgment. *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986). *Cf Dale v. Selene Finance LP*, Case No. 3:15CV1762, 2016 WL 1170772 at **4-5 (N.D. Ohio 2016) (noting the

absence of case law invoking this exception). The Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 554 U.S. 280 (2005) and the Sixth Circuit's subsequent decision in *McCormick*, clarified the inquiry to focus on the source of the injury alone. *Iannucci v. State of Michigan*, Case No. 16-cv-10255, 2016 WL 4089215 at *4 (E.D. Mich. 2016).

The third cause of action, fraud, it is deficient in two respects. First, it does not meet the standard under Fed. R. Civ. P. 9(b), which requires parties "alleging fraud or mistake, [to] state with particularity the circumstances constituting fraud or mistake." Specifically, a plaintiff is required "(1) to specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). These requirements also apply to fraud claims based on omissions. *See Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 255-56 (6th Cir. 2012). Second, the claim of fraud alleged is against Residential Finance Corp., an entity not named as a defendant in the first amended complaint. (Doc. No. 22). The claims of fraud are insufficient as a matter of law.

The claims outside of the *Rooker-Feldman* doctrine, however, are subject to *res judicata*, which was explained as follows:

> The purpose of res judicata "is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). This Court gives " 'the same preclusive effect, under the doctrines of res judicata and collateral estoppel to state court judgments that those judgments would receive in courts of the rendering state.' " *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank*, 333 Fed. Appx. 994, 998 (6th Cir. 2009) (quoting *Ingram v. City of Columbus*, 185 F.3d 579, 593 (6th Cir. 1999)). This Court looks "to the state's law to assess the preclusive effect it would attach to that judgment." *Id.* In Ohio, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (Ohio 1995). A judgment may be valid for the sake of res judicata even if the judgment was incorrect. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).
>
> "Under Ohio law, the doctrine of res judicata consists of 'the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment,

and issue preclusion, also known as collateral estoppel.' " *Doe ex rel Doe v. Jackson Local Schs. Sch. Dist.*, 422 Fed. Appx. 497, 500 (6th Cir. 2011) (quoting *O'Nesti v. De Bartolo Realty Corp.*, 113 Ohio St.3d 59, 862 N.E.2d 803 (2007). . . .

In Ohio, claim preclusion has four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (citations omitted).

*Stolmayer v. McCarthy*, 171 F.Supp.3d 690, 694 (N.D. Ohio 2016).

Turning to the first element of claim preclusion, there was a final and valid decision on the merits by a court of competent jurisdiction, the Lucas County Court of Common Pleas. That decision was affirmed on appeal by the Sixth District Court of Appeals. Plaintiffs have not presented any authority to support their contention that the state court was without jurisdiction at the time it rendered a final decision on the merits.

The present action names U.S. Bank as a Defendant; as they were a party to the state court litigation, the second element is satisfied.

The third factor contemplates whether the same claims were or could have been litigated in the initial action. The related fourth factor considers whether the second action arose out of the transaction which was the subject of the initial action. *See United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315-16 (2011) (noting the preclusion law test "depends on factual overlap, barring 'claims arising from the same transaction'") (citations omitted).

According to the state court appellate decision, Ronald Jacobs challenged U.S. Bank's status as "a holder in due course and questioned the validity of all allonges attached to the note." *U.S. Bank Trust, N.A. v. Jacobs*, 2015 WL 6951464 at *1. Mr. Jacobs argued U.S. Bank "lacked standing to bring the foreclosure action, failed to satisfy the conditions precedent to the foreclosure, and failed to establish the amount appellants owe on the loan." *Id.* at *3. Consistent with the Plaintiffs' First Amended Complaint and their state court case, both cases involve the execution and delivery of a promissory note on November 30, 2007. (Doc. No. 22 at ¶ 5). As the claims against U.S. Bank, arise

8

out of the same transaction as the foreclosure case in Lucas County, they are related to the foreclosure action. The claims alleged in this action could have been raised as counterclaims in the initial litigation. Consequently, Plaintiffs are prohibited from asserting those related claims in this case based upon the *res judicata* doctrine.

Next, the Plaintiffs incorrectly contend this Court cannot consider preclusion arguments in a motion to dismiss. This precise issue has been properly explained as follows:

> Plaintiff first argues that because the Ohio Supreme Court has interpreted Ohio's civil procedure rules to hold that *res judicata* may not be raised in a motion to dismiss, defendants cannot raise *res judicata* here in federal court. Unfortunately, this argument overlooks the fact that this is a federal, not a state court, and that the Federal Rules of Civil Procedure govern motions in this court. There is no corresponding federal precedent for disallowing a *res judicata* defense in a Fed. R. Civ. P. 12(b)(6) motion to dismiss; indeed, there is overwhelming case law to the contrary. *See, e.g., Rushford v. Firstar Bank, N.A.*, 50 Fed. Appx. 202, 203 (6th Cir. 2002) (affirming "the district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) based on the doctrine of *res judicata*"); *City of Canton v. Maynard*, 766 F.2d 236, 239 (6th Cir. 1985) (per curiam) (affirming district court's rule 12(b)(6) dismissal on *res judicata* grounds). Defendants are entitled to raise the *res judicata* issue in this motion to dismiss.

*DeNune v. Consolidated Capital of North America, Inc.*, 288 F.Supp.2d 844, 852 (N.D. Ohio 2003) (Carr, J.) *See also Logan Farms v. HBH, Inc. DE*, 282 F.Supp.2d 776, 786 (S.D. Ohio 2003). The cases relied upon by Plaintiffs[4] are by courts outside of this forum and not binding upon this Court.

Finally, I agree with the Defendant that the claims alleged fail to state a claim upon which relief can be granted and the Plaintiffs address those arguments. There can be no breach of fiduciary duty based on an arms' length negotiation of a consumer loan. *See Blon v. Bank One, Akron, N.A.*, 35 Ohio St.3d 98 (1988). Plaintiff's second claim in the nature of a TILSA rescission is outside of the three year statute of limitations, 15 U.S.C. § 1635(f), as the note was signed in 2007. The Plaintiffs fraud claim has already been discussed and determined to be deficient as a matter of law. The claim seeking to set aside or vacate the note and mortgage is prohibited by virtue of the

---

[4] In support of their position, Plaintiffs rely on *People ex rel Brzica*, 268 Ill. App.3d 420 (1994); *In re Estate of Steinfeld*, 158 Ill.2d 1 (1994); and *Foye v. United A.G. Stores Cooperative, Inc.*, 336 F.Supp. 82 (D. Neb. 1972).

*Rooker-Feldman* doctrine. The last two claims, unjust enrichment and account stated are compulsory counterclaims which are barred in this case by *res judicata*.

## V. Conclusion

For the reasons stated above, Defendant U.S. Bank's motion to dismiss (Doc. No. 27) is granted. The remaining motions (Doc. Nos. 7, 15, 16, 17 and 19) are denied as moot. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge